[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff husband brings this action seeking a dissolution of his marriage with the defendant wife.
The plaintiff is represented by counsel. The defendant is appearing pro se.
The court after hearing the parties and their witnesses, and after consideration of the evidence, examination of the CT Page 9917 exhibits and the applicable statutes, finds:
That, the allegations set out in the complaint have been proved. That the marriage of the parties is irretrievably broken down. That the precipitating cause results from the defendant's deteriorating health. She claims that she has had back pain that prevents full time employment. The plaintiff has little sympathy with her complaints and feels she can and should be working.
The defendant has had medical attention for her back problems, none of the doctors apparently have determined she is completely disabled. She has not presented any medical evidence to that effect.
The defendant at the present time is not employed, has no income, and lives with her parents.
The plaintiff is employed by the postal service.
The court finds that the defendant has employment skills and has some earning capacity as indicated when she worked as a temporary agency employee.
The parties have divided their assets, with the exception of a few items the defendant received at the parties' wedding which are in the plaintiff's possession. These items are to be turned over by the plaintiff to the defendant.
Therefore, the court's orders are as follows:
All assets including retirement benefits presently in the name of, or in the possession of the individual parties is to be that parties assets, except as indicated previously.
That, the plaintiff is to pay periodic alimony to the defendant in the sum of $50.00 per week for a period of three (3) years from the date of this order.
The plaintiff is to provide medical insurance coverage for the defendant as available through his place of employment. He is to pay the premium for that medical insurance for the first year after which the defendant is to reimburse him for the premiums or make direct payments of the premiums. Failure of the defendant to reimburse the plaintiff or her failure to pay the premiums directly will be a basis for the discontinuance of the CT Page 9918 medical coverage. The plaintiff is to inform the defendant of the premium amounts and when the premiums are due.
As to the liabilities of the parties. Each party is to be responsible for those liabilities listed on that parties financial affidavits filed with the court at the time of trial.
Therefore, it is the judgment of this court, that the marriage of the parties is dissolved; that the above orders are incorporated into and made a part of this judgment.
The plaintiff's counsel is to prepare the judgment file in accordance with the above orders.
JULIUS J. KREMSKI JUDGE TRIAL REFEREE